UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Jigneshkumar Vishnubhai Patel <br><br> Plaintiff, <br><br> v. <br><br> Ur Jaddou <br> Director <br> U.S. Citizenship and Immigration Services <br><br> Daniel M. Renaud <br> Director, Vermont Service Center <br> U.S. Citizenship and Immigration Services <br><br> Defendants. | Civil Action No. 24-10764 |

**COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MANDAMUS RELIEF**

Plaintiff Jigneshkumar Vishnubhai Patel respectfully asks this Court to compel defendants within U.S. Citizenship and Immigration Services ("USCIS") to issue a "bona fide determination" and adjudicate his request for employment authorization based on his eligibility for special nonimmigrant status commonly called a "U visa."

**JURISDICTION**

1. The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1361. The mandamus statute vests original jurisdiction in the federal courts. It provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus." 28 U.S.C. § 1361.

2. The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question). The statute provides that "[t]he district courts shall have original jurisdiction of all civil actions

arising under the Constitution, laws, or treaties of the United States." This action arises under the Immigration and Nationality Act which is a law of the United States.

3. The court has subject matter jurisdiction under 28 U.S.C. § 1346(a)(2) (United States as defendant). This is a civil action against the officers and agencies of the United States founded upon an Act of Congress and a regulation of an executive department.

4. Jurisdiction lies to grant declaratory relief pursuant to 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act).

## VENUE

5. The U.S. District Court for the District of Massachusetts is a proper venue for this action under 28 U.S.C. § 1391(e)(1)(A) because the defendants are officers of the United States, and no real property is involved in this action.

## THE PARTIES

6. Plaintiff Jigneshkumar Vishnubhai Patel is a native and citizen of India. He was the victim of a serious crime, fully cooperated with Massachusetts law enforcement and has sought nonimmigrant status under § 101(a)(15)(U)(i) of the Immigration and Nationality Act (hereinafter INA), commonly called the U Visa program.

7. Defendant Ur Jaddou is the Director of USCIS and responsible for supervising all of its operations, including the adjudication of I-918 U nonimmigrant applications.

8. Defendant Daniel M. Renaud is the Director of the Vermont Service of USCIS, where plaintiff's I-918 U nonimmigrant application is pending. He exercises authority over USCIS activities related to U nonimmigrant applications.

9. Both government defendants are sued in their official capacities.

## Legal Framework
## The U Visa Program, INA § 101(a)(15)(U)

10. On October 28, 2000, Congress created the U Visa program. *See* Victims of Trafficking and Violence Prevention Act of 2000 (VTVPA), Pub. L. No. 106-386, Title V, § 1513, 114 Stat. 1464, 1533 (2000).

11. Concerned that "[i]mmigrant women and children are often targeted to be victims of crimes committed against them in the United States" and that "[a]ll women and children who are victims of these crimes committed against them in the United States must be able to report these crimes to law enforcement and fully participate in the investigation of the crimes[,]" Congress acted to establish the U Visa program in order to "strengthen the ability of law enforcement agencies to detect, investigate, and prosecute" certain serious crimes "while offering protection to victims of such offenses in keeping with the humanitarian interests of the United States." *See* VTVPA § 1513(a), 114 Stat. 1533.

12. The U Visa program creates a mechanism for noncitizen victims of serious crime to safely engage law enforcement and, likewise, for law enforcement to engage immigrant communities to deter, prevent, and prosecute criminal activity for the betterment of United States.

13. The U Visa was created to strengthen the ability of law enforcement agencies to investigate and prosecute serious crimes and trafficking in persons, while offering protections to victims of such crimes without the immediate risk of being removed from the country. By providing victims of crime with an avenue for regularization of their immigrant status, the U Visa encourages victims to work and cooperate with law enforcement agencies. Congress also aimed to strengthen relations between law enforcement and immigrant communities by increasing cooperation and removing some of the fear of deportation held by many undocumented migrants. *See, e.g.*, *U and T Visa Law Enforcement Resource Guide*, DEPARTMENT OF HOMELAND SECURITY (January 4,

2016) https://www.dhs.gov/sites/default/files/publications/U-and-T-Visa-Law-Enforcement-Resource%20Guide_1.4.16.pdf.

14. A noncitizen is eligible for status under the U Visa program if (1) he or she suffered substantial physical or mental abuse as a result of having been a victim of one of the enumerated crimes; (2) he or she possesses or possessed information concerning the criminal activity; (3) he or she has been helpful, is being helpful, or is likely to be helpful to a Federal, State, or local law enforcement official, to a Federal, State, or local prosecutor, to a Federal or State judge, to the Service, or to other Federal, State, or local authorities investigating or prosecuting the criminal activity; and (4) the criminal activity violated the laws of the United States or occurred in the United States (including in Indian country and military installations) or the territories and possessions of the United States. *See* INA § 101(a)(15)(U).

15. A statutory cap limits the grant of U Visas to 10,000 per fiscal year. INA § 214(p)(2)(A). *See* INA § 214(p)(2)(A); 8 C.F.R. § 214.14(d)(1). The statutory cap only applies to principal applicants and does not apply to derivative applicants. INA § 214(p)(2)(B).

16. A wait list was created by regulation to provide deferred action to an eligible petitioner whenever the statutory cap is reached within a given fiscal year. *See* New Classification for Victims of Criminal Activity; Eligibility for "U" Nonimmigrant Status, 72 Fed. Reg. 53014, 53027 (Sept. 29, 1995) (codified at 8 C.F.R. § 214.14(d)(2)). Deferred action provides several important protections to petitioners that include, among others, eligibility for work authorization. 8 CFR § 214.14(d)(2) ("USCIS, in its discretion, may authorize employment for such petitioners and qualifying family members.").

17. In June 2021, USCIS implemented the bona fide determination ('BFD') process. The bona fide determination process was created with the goal of conducting initial reviews of U nonimmigrant

status petitions more efficiently and providing eligible victims of qualifying crimes with employment authorization and deferred action while they await a final adjudication of their petition for U nonimmigrant status under the annual statutory cap. This policy applies to all Form I-918 petitions pending as of June 14, 2021. Principal petitioners and qualifying family members will not all go through three different adjudications. As of June 14, 2021, USCIS began adjudicating pending, non-waitlisted petitions filed by noncitizens living in the United States in receipt date order for bona fide determinations. If a principal petitioner receives a bona fide determination, and the principal petitioner merits a favorable exercise of discretion, they will be issued an Employment Authorization Document (EAD) and deferred action, and their petition will be placed in the queue in receipt date order to await final adjudication for U nonimmigrant status. These petitioners will not have to go through a waiting list adjudication unless new adverse information impacts their ability to maintain a bona fide determination EAD. Principal petitioners who USCIS determines will not receive a bona fide determination EAD and deferred action will receive a waiting list adjudication.

## The U Visa Administrative Process

18. The administrative processing to accord U nonimmigrant status to eligible petitioners proceeds through five stages and is tightly prescribed and regulated. A petitioner's entitlement to employment authorization (or lack thereof) varies by law at each stage.

19. First, a petitioner must obtain a certification from a law enforcement official that she was the victim of a crime, the crime is a recognized crime under the U Visa program, and that she was, is or likely to be helpful in the investigation, or prosecution of the criminal activity. The USCIS has prescribed that law enforcement officials make this certification on a particular form, USCIS Form I-918 Supplement B, U Nonimmigrant Status Certification. *See* 8 C.F.R. § 214.14(a)(12).

20. Second, on submission, the USCIS verifies that signatures are complete and proper fees have been paid. A receipt is then issued to the petitioner. At this time, the petitioner remains ineligible for employment authorization.

21. Third, USCIS conducts an initial review of the application and makes a determination about whether the petition is bona fide. USCIS reviews petitions on a first-in, first-out basis, so there is a delay between the application and review. The petition must include Form I-918, Petition for U Nonimmigrant Status; Form I-918, Supplement B, U Nonimmigrant Status Certification; a personal statement describing the criminal activity of which the applicant was a victim; and USCIS must have received the results of the petitioner's background and security checks based on biometrics. Congress granted USCIS the authority to grant work authorization for petitioners with pending, bona fide applications. INA § 214(p)(6) ("The Secretary may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 101(a)(15)(U)").

22. Fourth, USCIS either adjudicates the petition by according U-nonimmigrant status or, in most cases, issues the BFD determination and places the petitioner in the queue to await final adjudication of the petition. *See* 8 C.F.R. § 214.14(d)(2). Applicants who have been issued a BFD or waitlist notice do become eligible for EADs: USCIS has adopted a regulation providing that the agency "in its discretion, may authorize employment for [wait-listed] petitioners and qualifying family members." *Id*.

23. As of August 17, 2023, the current processing time for the issuance of either a bona fide determination or wait list placement is 62 months (or over 5 years).

**Victimization**

24. Mr. Patel was working at a convenience store in South Boston, Massachusetts, when he was assaulted on January 7, 2022. Mr. Patel was threatened and kicked during an attempted robbery. The perpetrator also threw a snow shovel at Mr. Patel and knocked multiple items off the shelves behind the counter while swearing and screaming at Mr. Patel.

### Law Enforcement Cooperation, Investigation

25. On January 7, 2022, Mr. Patel contacted 911 and fully cooperated with the responding officers. He answered all of their questions. The police department investigated the incident and then later certified, by signing Form I-918B, that he was a victim of assault and battery with a dangerous weapon.

26. Mr. Patel possesses information about the crimes and was helpful with the investigation of criminal activity.

27. Mr. Patel has never refused or failed to help the police and he is willing to help them in any future investigations.

### Law Enforcement Prosecution

28. The case was investigated for the crimes of Aggravated Assault and Battery with intent to Rob, and Assault and Battery with a Dangerous Weapon in violation of Massachusetts state law.

### The Application for U Nonimmigrant Status

29. Mr. Patel sought U nonimmigrant status to better protect himself and his family. He wanted to be able find safer work that would not put him in harm's way. He decided that he wanted the protections offered by the U nonimmigrant status with which he would be able to work and support his family, including his young child. Having deferred action or U nonimmigrant status will also create a more secure and certain future for Mr. Patel because he will not have to be concerned about possible removal from the U.S.

30. The Boston Police Department certified that Mr. Patel was helpful in the investigation. *See* Form I-918B U Nonimmigrant Status Certification.

31. On May 5, 2023, Mr. Patel submitted a complete and substantively approvable application for U nonimmigrant status to the USCIS Vermont Service Center. 8 C.F.R. § 214.14(c)(1).

32. There is no evidence of fraud in the applications and Mr. Patel attached compelling evidence showing eligibility for U nonimmigrant status.

33. On May 5, 2023, USCIS received the I-918 form and package at the Vermont Service Center. *See* Exh. 1, Form I-797C, Notice of Action/Receipt Notice for Form I-918, dated May 9, 2023; Exh. 2, Form I-797C, Notice of Action/Receipt Notice for Form I-765, dated May 9, 2023. USCIS will only issue Receipt Notices for petitions that are complete.

34. On February 2, 2024, Mr. Patel complied and attended a biometrics appointment to complete all required background checks. Exh. 3, Stamped Biometrics Appointment Notice.

### An Unreasonable Delay

35. Almost one year has elapsed since the filing of his complete and approvable application for U nonimmigrant status.

36. The Defendants have taken no action on the petition for Mr. Patel since it was properly filed on May 5, 2023.

37. The delay has harmed Mr. Patel. Mr. Patel's ability to maintain a livelihood and support his family has been diminished. Mr. Patel is unable to obtain a work authorization which limits his ability to engage in other daily activities or to find safe, secure work.

### Claims for Relief

### Count I

### Unreasonable Delay in Agency Action

5 U.S.C. § 555(b)

38. All previous paragraphs are incorporated as though fully set forth herein.

39. The Defendants have a statutory obligation to process the petitions for Mr. Patel for U nonimmigrant status and issue a bona fide determination within a reasonable time. 5 U.S.C. § 555(b).

40. The Defendants delay of over ten months is unreasonable and therefore violates 5 U.S.C. § 555(b).

**Count II**

**Mandamus**

**28 U.S.C. § 1361**

41. All previous paragraphs are incorporated as though fully set forth herein.

42. The Mandamus Act, 28 U.S.C. § 1361, grants authority to courts to compel defendants to perform a duty owed to plaintiff.

43. The Defendants have a regulatory, ministerial obligation to issue a bona fide determination to all eligible petitioners for U nonimmigrant status. 8 C.F.R. § 214.14(d).

44. The Defendants have a duty to issue Mr. Patel a bona fide determination on his U nonimmigrant status.

45. The Defendants failure to perform this duty for more than one year violates the regulation.

**Count III**

**Unreasonable Delay in Agency Action**

**Bona Fide Work Authorization**

46. All previous paragraphs are incorporated as though fully set forth herein.

47. Under INA § 214(p)(6), the Defendants have an obligation to issue, within a reasonable time, work authorization for individuals who have presented bona fide petitions for U nonimmigrant status.

48. The Defendants have failed to issue a work authorization to Mr. Patel for more than ten months.

49. The Defendants failure to issue work authorization to Mr. Patel violates INA § 214(p)(6) and 5 U.S.C. § 555(b).

## Request for Relief

**WHEREFORE**, Plaintiffs request that the Court grant the following relief:

A. Declare that Defendants have a duty to issue a bona fide determination for Mr. Patel's U nonimmigrant status;

B. Order Defendants to make a bona fide determination, so that Plaintiff can be issued a work authorization under INA 214(p)(6);

C. Award Plaintiff reasonable attorney's fees and costs pursuant to 28 U.S.C. § 2412; and

D. Award all other relief to Plaintiff that it deems just, equitable, and proper.

Dated: March 25, 2024
Respectfully submitted,
/s/ Christina Corbaci
Christina Corbaci, Massachusetts Bar # 673764
Counsel for Plaintiff
Corbaci Law, P.C.
10 Tower Office Park
Ste 620 Woburn, MA 01801Telephone: 781-322-8000
c.corbaci@corbacilaw.com